UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
TRUSTEES OF THE NEW YORK CITY :
DISTRICT COUNCIL OF CARPENTERS :
PENSION FUND, WELFARE FUND, : 11 Civ. 6263 (TPG)
ANNUITY FUND, APPRENTICESHIP, :
JOURNEYMAN RETRAINING, : **OPINION**
EDUCATIONAL AND INDUSTRY FUND, :
CHARITY FUND, et al. :
:
                 Petitioners, :
:
– against – :
:
NPORT CONSTRUCTION CORP., :
:
                 Respondent. :
------------------------------------------------x

      On September 2, 2011, petitioners commenced this action to confirm an arbitration award against respondent Nport Construction Corp. ("Nport").  Nport never appeared at the underlying arbitration and never responded to the petition in this action.  Petitioners now move for a default judgment confirming their arbitration award.

      Petitioners' arbitration award is confirmed.

### BACKGROUND

      Petitioners are trust funds established to receive payments of the employee benefits of employees pursuant to a collective bargaining agreement known as the Project Labor Agreement Covering Specified Construction Under the Capital Improvement and Restructuring Programs (2005-2009) effective December 10, 2004 ("the PLA") and

various "Fringe Benefit Trust Funds" agreements. Under the applicable agreements, disputes should be resolved by arbitration before an impartial arbitrator.

The dispute arises out of Nport's failure to permit petitioners to conduct an audit of its books and records. Under the governing agreements, petitioners had a contractual right to conduct such an audit, and sought to do so in order to determine whether Nport was in compliance with its obligation to contribute to the petitioner funds on behalf of its employees. However, Nport did not allow the funds to conduct their audit.

When the time for the arbitration proceeding came about, Nport did not appear at the arbitration proceeding despite having notice of the hearing date. The arbitrator and petitioners proceeded in Nport's absence and on July 12, 2011, the arbitrator entered an award in petitioners' favor.

The arbitrator's award contained findings that petitioners have a right to audit Nport's books and records to determine if Nport was making the required payments, and that Nport did not consent to such an audit. The arbitrator found that Nport's actions violated the applicable agreements between the parties, and ordered Nport to "permit and facilitate the funds conducting an audit of its books and records" for the period of September 21, 2009 to July 12, 2011. The arbitrator further ordered Nport to pay petitioners' attorney's fees, the arbitrator's

fee, and court costs in the amount of $2,350.00, with post-judgment interest of 5.25%.

Petitioners filed this action to confirm their arbitration award and filed an affidavit of service on September 21, 2011. Nport never responded to the petition. On October 4, 2011, petitioners obtained a clerk's certificate of default and on November 4, 2011, petitioners moved for a default judgment.

## DISCUSSION

Where a party fails to respond to a motion for a default judgment in the context of a petition to confirm an arbitration award, the motion for default judgment should be construed as an unopposed motion for summary judgment. Herrenknecht Corp. v. Best Road Boring, No. 06 Civ. 5106, 2007 U.S. Dist. LEXIS 28495, at *4 (S.D.N.Y. Apr. 16, 2007). The court should defer to the arbitrator's decision so long as there is a "barely colorable justification" for the award. See Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Stain Less, Inc., No. 07 Civ. 3202, 2008 U.S. Dist. LEXIS 22402, at *2 (E.D.N.Y. Mar. 18, 2008).

The award in the underlying arbitration action surely meets this standard. Respondent, who did not appear in the underlying arbitration or in this action, has failed to present any objections to the conduct of the arbitration. After reviewing the petition, the materials submitted in connection with petitioner's motion for a default judgment and the

underlying arbitration award, the court holds that the arbitration award is confirmed.

Nport is ordered to permit and facilitate the petitioners conducting the audit of its books and records for the period of September 1, 2009 through July 12, 2011 to determine whether it is in compliance with its obligations to contribute to the petitioner funds.

Petitioners are entitled to an award of $2350.00, plus interest of 5.25% per annum from the date of the award, July 12, 2011, until the date of this opinion, for a total of $2411.51. Pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), petitioners are also entitled to an award of their reasonable attorneys' fees in this action. Petitioners have submitted evidence establishing that they incurred fees of $1444.50 and supporting the reasonableness of these fees.

## CONCLUSION

Petitioners' motion is granted. Judgment should be entered in the amount of $3856.01.

SO ORDERED.

Dated: New York, New York
January 10, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/10/12

Thomas P. Griesa
U.S. District Judge